1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANDRE WELLS,                              No.  2:20-cv-1557 AC P

12                    Petitioner,

13          v.                                  <u>ORDER</u>

14    GAVIN NEWSOME,

15                    Respondent.

16

17          Pending before the court is petitioner's second request for appointment of counsel.  ECF

18    No. 10.  As explained more fully below, the request is denied without prejudice because

19    petitioner has not yet paid the filing fee or obtained in forma pauperis status.

20          This case was opened based on a letter filed August 4, 2020 by Andre Wells, a state

21    prisoner at Mule Creek State Prison.  The letter was entitled "Emergency Habeas Corpus, My

22    Life is in Jeopardy from CDCR and Conspirators Mental Health Staff & Inmates."  ECF No. 1.

23    By order filed August 6, 2020, the undersigned informed petitioner that, to proceed with this

24    action, he must file a formal petition for writ of habeas corpus and must pay the $5.00 filing fee

25    or request and obtain in forma pauperis status.  ECF No. 3.  With that order, the court sent

26    petitioner a blank habeas corpus petition and a blank application to proceed in forma pauperis.

27    <u>Id.</u>

28    ////

1

1      This court's August 6, 2020 order also directed the Office of the California Attorney

2   General (AG) to specially appear in this action for the purpose of investigating and responding to

3   petitioner's safety concerns.  Id.  On August 19, 2020, the AG submitted a statement that included

4   a declaration from petitioner's clinician, S. Jacques, LCSW, who noted that petitioner

5   receives mental health treatment at the Enhanced Outpatient Program (EOP) level of care, is part

6   of the Developmental Disability Program (DDP), and is currently assigned to single-cell status.

7   ECF No. 9.  LCSW Jacques typically meets with petitioner once a week and met with petitioner

8   on August 17, 2020 to discuss his safety concerns.  As recounted by Jacques, petitioner did not

9   express any specific safety concerns but stated that he generally feared retaliation from staff for

10   filing lawsuits or submitting inmate appeals.  Jacques concluded that petitioner "does not have

11   any safety concerns at Mule Creek."  ECF No. 9-1 at 2.  Jacques also completed a suicide risk

12   assessment and determined that Wells was not in imminent danger of self-harm.  Id.

13      Pending receipt of the AG's report, petitioner filed his first request for appointment of

14   counsel, ECF No. 6, which this court denied without prejudice as "premature because he has not

15   yet filed a valid pleading in this case," ECF No. 7 at 1.

16      Petitioner then filed a putative civil rights complaint, asserting RICO, discrimination and

17   retaliation claims.  ECF No. 8.  The last page of that document appears to request that the court

18   again send petitioner an application to proceed in forma pauperis.  Id. at 7.  A new application

19   will be sent with this order.

20      Thereafter, on August 21, 2020, petitioner filed a second request for appointment of

21   counsel, which is now pending.  ECF No. 10.  Petitioner requests appointment on three grounds:

22   (1) due to COVID prison modifications, he has no access to the law library or a copy machine; (2)

23   his autism renders the legal process difficult to understand; and (3) "this is an exceptional case

24   that will [a]ffect many, it is complex beyond the norms of general cases and involves multiple

25   defendants."  Id. at 1.

26      As with petitioner's prior request for appointment of counsel, the pending request must

27   also be denied as premature.  Because petitioner has not yet paid the filing fee or obtained in

28   forma pauperis status, the court cannot screen his putative complaint and determine whether this

2

1  case is more appropriately designated a civil rights action rather than a habeas corpus action.

2  Moreover, the standards for assessing a prisoner's request for appointment of counsel are

3  different in civil rights and habeas cases,[1] as are the filing costs.[2]

4       The court notes that on August 21, 2020, petitioner also filed a statement saying that he

5  continued to feel unsafe around some correctional officers, although some inmates were being

6  nicer to him.  ECF No. 11.  The undersigned is without authority to consider any matters in this

7  case until petitioner has been granted in forma pauperis status or paid the appropriate filing fee

8  and there is a valid pleading.

9       Accordingly, IT IS HEREBY ORDERED that:

10       1.  Petitioner's second request for appointment of counsel, ECF No. 10, is denied without

11  prejudice;

12       2.  Petitioner shall, within thirty (30) days after the filing date of this order, submit a

13  completed application to proceed in forma pauperis on the form provided herewith, or pay the

14  appropriate filing fee;

15       3.  Failure to timely comply with this order will result in a recommendation that this

16  action be dismissed without prejudice; and

17  ////

18  ////

19

20  [1]  There is no absolute right to appointment of counsel in either proceeding.  In habeas cases, 18
21  U.S.C. § 3006A authorizes appointment of counsel at any stage of a habeas case "if the interests
   of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In civil rights cases,
22  appointment of counsel may be warranted under 28 U.S.C. § 1915(e)(1) upon a showing of
   exceptional circumstances.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Exceptional
23  circumstances include the plaintiff's likelihood of success on the merits of his claims coupled
   with an inability to articulate his claims pro se in light of the complexity of the legal issues
24  involved.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Circumstances common
   to most prisoners, such as lack of legal education and limited law library access, do not establish
25  exceptional circumstances warranting appointment of counsel.
26  [2]  As petitioner was previously informed, the filing fee for a habeas corpus action is $5.00.
   The costs for commencing a civil rights action total $400.00, reflecting a filing fee of $350.00 and
27  a $50.00 administrative fee.  Litigants proceeding in forma pauperis are not required to pay the
   $50.00 administrative fee, and the remaining $350.00 fee is paid in installments from the
28  prisoner's institutional trust account.

1        4.  The Clerk of Court is directed to send petitioner, together with a copy of this order, a

2    blank application to proceed in forma pauperis

3    DATED: August 31, 2020

4

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28