UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE WELLS,

Plaintiff,

v.

GAVIN NEWSOME, et al.,[1]

Defendants.

No. 2:20-cv-1557 WBS AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are plaintiff's two motions for a change of venue filed, January 11, 2021, and January 14, 2021. See ECF Nos. 31, 32, respectively. For the reasons stated below, the motions shall be denied.

I. RELEVANT FACTS ALLEGED

Plaintiff has filed two motions requesting that the venue of this action be transferred to another district. See ECF Nos. 31, 32. The motions were filed within three days of one another

[1] The court notes for the record that Governor Gavin Newsom's name is misspelled in the case caption of the docket and in plaintiff's original complaint. See ECF No. 8 at 1-2. The Clerk of Court will be directed to correct the spelling on the docket from "Newsome" to "Newsom."

in January 2021, and they are identical. Compare ECF No. 31, with ECF No. 32. Ultimately, they argue that the court's failure to grant plaintiff injunctive relief; the alleged violations of right plaintiff has experienced as a result, and the court's failure to direct service on the defendants to date, all warrant a change of venue. See generally ECF Nos. 31, 32.

II. APPLICABLE LAW

28 U.S.C. § 1391(b) governs the appropriate venue for a civil action. It states:

> **(b) Venue in general.** – A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial pat of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

III. DISCUSSION

Although plaintiff's original complaint named defendants from three different state prisons located in three different California federal districts,[2] plaintiff has since filed a first amended complaint ("FAC"). See ECF No. 26. It is well-settled that an amended complaint supersedes the original. See Lacey v. Maricopa Cty., 693 F.3d 896 925 (9th Cir. 2012); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff's FAC, filed November 18, 2020, only names defendants located at Mule Creek State Prison ("MCSP").[3] See ECF No. 26 at 1-2. Mule Creek State Prison is located in Amador County. Therefore, venue in this court – the Eastern District of California, Sacramento Division

---

[2] Plaintiff's original complaint, filed August 13, 2020, named defendants from Mule Creek State Prison (Amador County, Eastern District); California Men's Colony (San Luis Obispo County, Central District), and Salinas Valley State Prison (Monterey County, Northern District). See ECF No. 8 at 1-2.

[3] After screening the FAC, any newly named defendants therein against whom the court determines plaintiff has alleged cognizable claims will be added to the case caption of the docket.

– is appropriate. See 28 U.S.C. § 84(b) (stating Amador County is part of Eastern District of California); see also 28 U.S.C. § 1391(b)(1)-(3) (establishing venue where any defendant resides, where a substantial part of claim-relevant events occurred, or where a defendant is subject to the court's personal jurisdiction).

As this matter could not have been brought in any other district, moving it to a different one is not possible. See generally 28 U.S.C. § 1404(a) (permitting change of venue of civil action to different district or division where it otherwise might have been brought). For these reasons, plaintiff's motions for a change of venue will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall correct the spelling of Governor Newsom's name in the case caption of the docket, changing it from "Newsome" to "Newsom," and

2. Plaintiff's two motions for a change of venue (ECF Nos. 31, 32) are DENIED.

DATED: February 2, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE