UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2:20-cv-1557 WBS AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GAVIN NEWSOME, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are plaintiff's two motions for a temporary restraining order and preliminary injunction. See ECF Nos. 28, 30. For the reasons stated below, the undersigned will recommend that the motions be denied.

I.      PROCEDURAL POSTURE

Plaintiff initiated this action in August 2020, with a letter claiming that his life was in jeopardy. ECF No. 1. His First Amended Complaint, ECF Nos. 26, was filed in November 2020 and has not yet been screened. Plaintiff has filed numerous requests for miscellaneous relief and court intervention, all of which have been denied as premature, procedurally defective, or both. One prior request for preliminary injunctive relief has been denied by the district judge. See ECF

1

Nos. 24 (findings and recommendations), 27 (order adopting findings and recommendations). Because the First Amended Complaint has not been screened, no defendant has been served.

II.     FACTS ALLEGED IN SUPPORT OF PRELIMINARY INJUNCTIONS

   A.     November 23, 2020 Motion

Plaintiff's first motion for a temporary restraining order and preliminary injunction, filed November 23, 2020, alleges that injunctive relief should be granted against "(CDCR), Its Employees, c/o's, clinitons, etc.," and that plaintiff should be granted single cell status because he is being retaliated against in various ways that ultimately threaten his safety. See generally ECF No. 28.

   B.     January 4, 2021 Motion

Plaintiff's second motion for a temporary restraining order and preliminary injunction, filed January 4, 2020, again makes general allegations that prison officials are retaliating against him in various ways. See generally ECF No. 30. Some of the actions of prison officials that plaintiff would like to have enjoined by the court include, but are not limited to, taking his property, falsifying behavioral reports, opening his legal mail, and using other inmates to threaten and/or attack him. See ECF No. 30 at 1.

II.     APPLICABLE LAW

The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Plaintiff is informed that "[a] preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [ ] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980)); see also 11A Charles Alan

1   Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010).

2   　　In evaluating the merits of a motion for preliminary injunctive relief, the court considers
3   whether the movant has shown that "he is likely to succeed on the merits, that he is likely to
4   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
5   favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense
6   Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)
7   (quoting Winter).  The propriety of a request for injunctive relief hinges on a significant threat of
8   irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844
9   F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,
10  1131-32 (9th Cir. 2011).

11  　　Additionally, in cases brought by prisoners involving conditions of confinement, any
12  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
13  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
14  correct the harm." 18 U.S.C. § 3626(a)(2).

15  　　Finally, a district court may not issue preliminary injunctive relief without primary
16  jurisdiction over the underlying cause of action. Sires v. State of Washington, 314 F.2d 883, 884
17  (9th Cir. 1963). Additionally, an injunction against individuals who are not parties to the action is
18  strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

19  III.   DISCUSSION
20  　　A.   Issues Common to Both Motions
21  　　Because the First Amended Complaint has not yet been screened, it remains to be seen
22  whether plaintiff has stated any cognizable claim. Accordingly, plaintiff's likelihood of success
23  on the merits cannot be assessed at this time. Without a showing of likely success, injunctive
24  relief is unavailable. See Winter, 555 U.S. at 20.

25  　　Moreover, because no defendant has been served and none has appeared, the court has no
26  basis for the exercise of jurisdiction over the individuals who plaintiff seeks to enjoin. See Zenith
27  Radio Corp., supra.
28  ////

3

B.     November 23, 2020 Motion

None of the harm that plaintiff states he has experienced, or believes he will experience, at the hands of defendant prison officials appears to constitute a significant threat of "irreparable harm" or suggests "immediate threatened injury." See Caribbean Marine Serv. Co., 844 F.2d at 674; see also Fed. R. Civ. P. 65(b)(1)(A) (stating temporary restraining order may be issued without notice if clear showing of immediate and irreparable injury, loss, or damage will result to movant before adverse party can be heard). Plaintiff does state that certain named defendants facilitated an attack on him by three other inmates. See ECF No. 28 at 1. Plaintiff appears to further allege that these defendants then falsified documents when they characterized the incident as one in which plaintiff had simply been in one-on-one fights. See id. He asserts that CDCR "is hell bent on falsifying my C-File as evidenced by six 115[s] in the past 8 months." See id. These allegations do not demonstrate a significant threat of irreparable harm. Plaintiff has not presented facts indicating that a future physical attack is imminent or even likely. And because processes exist to challenge unsupported disciplinary charges, even the likely filing of unsubstantiated rules violation reports would not count as "irreparable" harm.

Furthermore, to the extent plaintiff asserts that he is "in fear of [sic] [his] life from C/Os and inmates" because custodial personnel motivate inmates to attack other inmates (see ECF No. 28 at 2), plaintiff's fear is unsupported by facts that lift it beyond the level of speculation. Mere speculative injury does not constitute irreparable injury sufficient to support a preliminary injunction. Caribbean Marine Serv. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Fed. R. Civ. Proc. 65(b)(1)(A) (stating clear, immediate and irreparable injury requirement).

Finally, because the motion fails to establish that there is a credible threat of immediate and irreparable harm to plaintiff, an injunction requiring single cell status and prohibiting unspecified further retaliation (see ECF No. 28 at 2) is not in the best interests of the public at this stage in the proceedings. For all these reasons, the undersigned will recommend that the November 2020 motion for injunctive relief be denied.

////

////

B.  January 4, 2021 Motion

Plaintiff's January 2021 motion for injunctive relief is even more deficient than the November 2020 motion. It asks the court: (1) to issue an injunction directing Warden Covillo to "direct his staff to return [plaintiff's] property"; (2) to issue restraining orders against "all C/Os mentioned in this case" due to the retaliatory actions they have taken; (3) to direct the new director of CDCR to conduct an [unspecified] investigation in which plaintiff participates, and (4) to enjoin CDCR, defendant Covillo and prison staff from violating his rights, inciting violence amongst inmates, and depriving him of his legal mail. See id.

Plaintiff's scant allegations lack evidentiary support, and even if true would not demonstrate a likelihood of irreparable harm absent preliminary injunctive relief. Accordingly, the undersigned will recommend that the January 2021 motion also be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order and preliminary injunction, filed November 23, 2020 (ECF No. 28), be DENIED, and

2. Plaintiff's motion for a temporary restraining order and preliminary injunction, filed January 4, 2021 (ECF No. 30) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5