UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,   | No.  2:20-cv-1557 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 37 at 1-2. In addition, plaintiff asks that a number of new defendants be added to his complaint. See id. at 3. For the reasons stated below the requests will be denied.

I.  MOTION TO APPOINT COUNSEL

In support of the motion to appoint counsel, plaintiff states that he is an EOP mental health patient. He also states that he is a part of the developmental disability program. See ECF No. 37 at 1.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

1

1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

To date, plaintiff has adequately managed his case as a pro se litigant.  He has filed a complaint and a first amended complaint on his own, as well as multiple motions for injunctive relief, a motion for the appointment of counsel, and motions for a change of venue.  See ECF Nos. 8, 10, 15, 20, 26, 28, 30, 31, 32.  For this reason, the court does not find the required exceptional circumstances.

II.  REQUEST TO ADD DEFENDANTS TO COMPLAINT

With respect to plaintiff's request to add additional defendants to this action, plaintiff simply provides a long list of names of individuals he would like to add.  See ECF No. 37 at 3. He makes broad sweeping statements that these defendants are guilty of retaliation, future retaliation, harassment, chilling his right to appeal and the like.  See id. at 3.  Plaintiff makes no effort to provide specific facts and link them to each of the named individuals.

A complaint must set forth specific facts with respect to each defendant's role in an alleged constitutional deprivation.  See generally Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, in order to add additional defendants to this action, plaintiff would need to do so in an amended complaint that is separate from the instant appointment of counsel request.

////

/////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel and to add defendants, ECF No. 37, is DENIED.

DATED: April 6, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE