UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2:20-cv-1557 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The First Amended Complaint, ECF No. 26, is before the court for screening pursuant to 28 U.S.C. § 1915A.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted an application that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 16, 19. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
5  § 1915(b)(2).

6  II.    Statutory Screening of Prisoner Complaints

7  The court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
10 "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
11 monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

12 A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
14 Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
15 theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,
16 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
17 stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
18 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
19 Franklin, 745 F.2d at 1227-28 (citations omitted).

20 "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
21 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
22 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
23 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
25 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
26 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
27 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
28 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The First Amended Complaint names eighteen defendants, all correctional officials at Mule Creek State Prison (MCSP), and presents three putative claims. ECF No. 26 at 1-3, 4-6.

Plaintiff characterizes Claim One as involving the violation of his First Amendment right to redress, and excessive force by an officer. He alleges in support that he was unfairly fired from his job on August 27, 2020, that his attempts to redress this wrong through the appeal process were met with hostility from correctional officers which made him suicidal, and that he was then assaulted by custody officers. Id. at 4.

Claim Two alleges that plaintiff was targeted for excessive force in violation of his Eighth Amendment rights. It appears that the assault described is the same as that in Claim One. Plaintiff alleges that on August 27, 2020, his arms were twisted, a knee was applied to his neck, his legs were twisted, and leg cuffs were put on so tightly that it scarred his legs and caused calcium build-up in the bones of his ankles. Plaintiff was dragged 30 yards in restraints. Although it is not clear, plaintiff appears to allege that different officers assaulted him in different locations; he mentions assault on the way to the program office and in the program office, and

1    there is a reference to assault inside Building 5.  Id. at 5.

2          Claim Three alleges retaliation.  Plaintiff contends that he was harassed in numerous ways
3    in retaliation for the August 27, 2020 incident and for "verbally addressing being fired as part of
4    the appeal process."  He cites interference with his phone calls and yard time, the refusal to give
5    him his job back after the disciplinary charge was dropped, general hostility from guards, and an
6    assault by other inmates as examples of the retaliation he has faced.  Id. at 6.

7        IV.     Failure to State a Claim

8          To the extent that Claim One seeks to vindicate a "right to redress" regarding plaintiff's
9    termination from his job, the First Amendment protects an inmate's access to the courts and his
10   right to utilize a prison's grievance system without penalty.  See Bradley v. Hall, 64 F.3d 1276,
11   1279 (9th Cir. 1995).  Plaintiff does not here allege that he was prevented from filing a lawsuit or
12   accessing the grievance system to challenge the loss of his job.  He appears to contend that the
13   alleged acts of excessive force were responsive to his speech and conduct regarding his
14   termination.  To the extent that the plaintiff challenges the force used, his claim is governed by
15   the Eighth Amendment.  First Amendment retaliation is addressed below in relation to Claim
16   Three.

17         To the extent that Claims One and Two allege excessive force in violation of the Eighth
18   Amendment, "the core judicial inquiry is ... whether force was applied in a good-faith effort to
19   maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v.
20   McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)).  When
21   determining whether force was excessive, the relevant circumstances are the "extent of the injury
22   ..., the need for application of force, the relationship between that need and the amount of force
23   used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to
24   temper the severity of a forceful response.'"  Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at
25   321).  The facts presented in the First Amended Complaint are insufficient to support review
26   under this standard even at the prima facie level of screening.

27         The complaint indicates that plaintiff's response to losing his job included sitting down
28   and refusing to move, suicidal ideation, and a verbal response that he describes as "seeking

4

redress" but that apparently resulted in a disciplinary charge against him. Plaintiff's allegations describe the use of force by officers, but the context in which that force was used is entirely unclear. Without more, the allegations do not demonstrate a use of force that was maliciously intended to cause harm, rather than a response to what officers could reasonably have perceived as a need to restore order. Moreover, the allegations do not clearly identify which defendants participated in which acts of force at which locations. This claim therefore requires amendment to provide additional information.

As for Claim Three, a viable First Amendment retaliation claim requires alleged facts supporting the following five elements of liability: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). The precise nature of plaintiff's alleged protected conduct is unclear; a spontaneous verbal objection to losing his job is not "part of the grievance process." Even if such expression is constitutionally protected, plaintiff has not alleged any facts showing that the individuals who allegedly harassed plaintiff did so *because of* that protected conduct. Accordingly, the claim is not suitable to proceed.

For the reasons explained above, the First Amended Complaint does not state any viable claim for relief and it will not be served. Plaintiff will be given an opportunity to amend.

V.     Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,

588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief.  The "right to redress" means a right to access the courts (for example, by filing a lawsuit) or to use the prison's grievance system (for example, by submitting a 602).  You do not say that any defendant interfered with those rights, so you do not have a "right to redress" claim.  Your excessive force claim needs more information about the circumstances in which the force was used.  You must explain in clear and simple terms which defendant did what, and where, as well as provide facts showing that the force was used for the purpose of hurting you and not in response to a need to restore order.  On your retaliation claim, you must explain what constitutionally protected conduct of yours motivated the retaliation.  You must also explain which defendant took which retaliatory actions, and how you know that each of them was motivated by a desire to punish you for exercising your rights.

If you choose to amend your complaint, the first amended complaint must include all of

the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the second amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 16) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file a second amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 28, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE